DISTRICT COURT OF MARYLAND FOR [ILLEGIBLE] COUNTY

Michael Johnson         )
                        )
                        )
                        )
       (Plaintiff)      )   CIVIL ACTION NO _____
                        )
       v.               )
                        )
Data Software Services, LLC  )
dba ELEAD CRM           )
                        )
       (Defendant)

## COMPLAINT

COMES NOW, the Plaintiff, pro se, Michael Johnson ("Plaintiff"), and for Plaintiff's Complaint against Defendant, Data Software Services, LLC dba ELEAD CRM ("Defendant") and alleges and affirmatively states as follows:

## INTRODUCTION

1. Count 1 of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq. (TCPA). The Federal Communications Commission on February 15, 2012 amended the TCPA to include SMS or Short Message Service/text messages as "calls" for purposes of the TCPA (CG Docket 02-278).

(1) The term "automatic telephone dialing system" means equipment which has the capacity—

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

**(b) Restrictions on use of automated telephone equipment**
**(1) Prohibitions**

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
 (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to language in the TCPA which states "(3) PRIVATE RIGHT OF ACTION.—A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

 (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

 (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

 (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

3. Because Defendant conducts business in the State of Maryland, personal jurisdiction is established. Jurisdiction is also allowed under the long arm statute, Maryland Long-Arm Statute, *Md. Courts Jud. Pro. Code Ann.* § 6-103

4. The District Court of Frederick County is the venue in which Plaintiff elects to bring this action as this is where the Plaintiff is domiciled and the actions took place primarily in Frederick County, Maryland. According to a recent court ruling, *Soppet v. Enhanced Recovery Company, LLC., USCA 7th Cir. 11-3819.* it was determined by the justices that section 227 of the TCPA uses the phrase "called party", and called party is the current subscriber of the called number.

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Plaintiff may seek redress under authority of *Gutierrez v. Barclays Group. US Dist. Ct., S.D. Calif., 2011*, which ruling stated that:

a)  Revocation of prior express consent by the subscriber permitting calls by any party to need not be in writing; i.e. oral revocation is sufficient.

b)  **The subscriber (the one who owns the number) has standing to sue even if they were not the intended recipient/target.**

c)  The call need not result in a charge to the subscriber for a TCPA violation to occur.

## PARTIES

6. Plaintiff is a natural person who resides in Frederick County, Maryland. Plaintiff further owns cellular telephone number **443-253-6812 and 571-393-1729**, and pays for each and every incoming call, and is covered under the TCPA.

7. Defendant is a telemarketer and a solicitor. Plaintiff is on the national do not call registry, and has all telephone numbers registered. There is no permission for the telemarketer/solicitor to call the Plaintiff as there is no "existing business relationship"

8. Plaintiff is informed and believes, and thereon alleges that Defendant is a national company.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Count 1- Violation of the TCPA - Directly and Vicariously Liable

10. Defendants, on behalf of themselves or through an agent, placed automated calls to the Plaintiff's cellular device on at the following times:

June 29, 2012 @9:22AM EST
June 29, 2012 @7:23PM EST
June 29, 2012 @7:55PM EST
June 29, 2012 @9:40AM EST

11. The actual subscriber phone number shows up as "866 764-4973". This phone number is registered to the Defendant.

12. The calls/SMS messages made in paragraph 10 above are in violation of the TCPA and allow for treble damages as called for in paragraph (B) under (3) Private Right of Action of $500.00 per call.

## Count 2-Maryland Unfair and Deceptive Trades and Practices Act 13-301

13. The Maryland Unfair and Deceptive Trades and Practices Act, Maryland Commercial law, section 13-301 is defined as:

**§§ 13-301. Unfair or deceptive trade practices defined.**

Unfair or deceptive trade practices include any:

(1) **False, falsely disparaging, or misleading oral** or written **statement**, visual description, or other

representation of any kind which has the capacity, tendency, **or effect of deceiving or misleading**

- 4 -

consumers;

14. The Defendant is committing unlawful trade practices by calling/spamming an individual whom they have no existing business relationship with, and attempting to "sell" and or "solicit" their services under the guise of a legitimate marketer. The Maryland version of the Federal TCPA is also enforceable as an "unfair or deceptive trade practice" under this subtitle.

## Count 3- Violation of the Maryland Telephone Consumer Protection Act 14-3201

Md. COMMERCIAL LAW Code Ann. § 14-3201 (2012)

15. § 14-3201. Violations of certain federal laws and regulations prohibited

A person may not violate:

(1) The Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 through 6108, as implemented by the Federal Trade Commission in the Telemarketing Sales Rule (16 C.F.R. Part 310); or

(2) The Telephone Consumer Protection Act, 47 U.S.C. § 227, as implemented by the Federal Communications Commission in the Restrictions on Telemarketing and Telephone Solicitations Rule (47 C.F.R. Part 64, Subpart L).

16. § 14-3202. Violations; remedies

(a) Violations. -- A violation of this subtitle is an unfair or deceptive trade practice within the meaning of Title 13 of this article and is subject to the enforcement and penalty provisions contained in Title 13 of this article.

(b) Remedies. -- In addition to the remedies provided in § 13-408 of this article, an individual who is affected by a violation of this subtitle may bring an action against a person that violates this subtitle to recover:

(1) Reasonable attorney's fees; and

(2) Damages in the amount of the greater of:

(i) $ 500 for each violation;

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

17. Declaratory judgment that Defendant's conduct violated the Telephone Consumer Protection Act, Maryland Unfair and Deceptive Trades and Practices Act and the Maryland Telephone Consumer Protection Act.

18. Punitive damages in the amount of $2000.00 for violations of the Telephone Consumer Protection Act and Maryland Telephone Consumer Protection Act and Federal and State law violations and additional damages of $3000.00 for Maryland Unfair and Deceptive Trades and Practices Act.

19. Declaratory judgment that Defendant's conduct violated the Maryland Unfair and Deceptive Trades and Practices Act Commercial Law section 13-301.

20. Any other relief this Court deems just and proper.

RESPECTFULLY SUBMITTED.

By: _____

Michael Johnson

AFFIDAVIT OF PLAINTIFF:

(STATE OF MARYLAND)

Plaintiff, Michael Johnson, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
3. I have personally prepared the above entitled civil Complaint, and all allegations are based upon personal knowledge, information and belief formed after reasonable inquiry.
4. I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided, which are attached to the Complaint is a true and correct copy of the original.

Pursuant to 28 U.S.C. 1746(2), I, Michael Johnson hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: May 30, 2013

_____
Michael Johnson, Plaintiff

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

- 7